UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

DEBBIE J. WALLACE,                                              No. 16-10312 t11

    Debtor.

## OPINION

Before the Court is whether it may determine, after voluntary dismissal of a chapter 11 bankruptcy case, the reasonableness of the attorney fees charged by debtor's counsel. The Court has reviewed the motions and responses relating to this issue, filed by Debtor's counsel and the United States Trustee's office. The Court concludes that it has jurisdiction and the right to rule on the reasonableness of the fees at issue.

I.   FACTS

Debtor filed a voluntary chapter 11 petition on February 16, 2016. Debtor owns a significant amount of ranch land in New Mexico and Colorado, and has one large secured creditor, Tongue River Raton, LLC.

On the petition date, Debtor filed an application to retain The Behles Law Firm, P.C. ("Counsel") as her chapter 11 bankruptcy counsel. Counsel filed an Affidavit Pursuant to Rule 2014, averring that there were no conflicts of interest, and a Disclosure of Compensation of Attorney for Debtors. The latter document disclosed, inter alia, an $11,717 retainer and attached a copy of Attorney Client Agreement between Counsel and Debtor.

The Court entered an order approving Debtor's employment of Counsel on June 30, 2016, effective as of the petition date. The order provides in part:

> 1. Debtor is authorized to pay Behles on a monthly basis, upon receipt of Behles' billing statement and prior to the Court's determination of the allowability of the compensation, 75% of billed fees and 100% of reimbursable costs, and 100% applicable gross receipts tax on fees and taxes that are paid. Such payment is to be made first from the retainer provided to Behles and thereafter by the Debtor and/or the estate.
>
> . . .
>
> 3. All fees, costs and gross receipts tax paid pursuant to this Order, including hourly rates, are subject to approval of the Court. . . . Behles Law Firm P.C., shall file interim applications for approval of compensation approximately 180 days after the application date and a final application for approval at the conclusion for this case. . . .

Counsel did not file an interim fee application. The monthly operating reports filed in this case disclose that Debtor paid Counsel about $233,000 during the case, including the retainer.

After substantial litigation and discovery, Debtor and Tongue River reached a settlement in April, 2017. The parties then filed a joint motion to approve the settlement, which the Court granted on May 23, 2017. At the same time, Debtor filed a motion to dismiss the bankruptcy case. No objections were filed, so the Court dismissed the case on May 31, 2017.

On July 13, 2017, the UST filed a motion to reopen the bankruptcy case, so Counsel could file, and the UST could review, a fee application. Counsel objected and filed a separate motion for a determination whether the Court had jurisdiction to hear the matter. The Court reopened the case while the dispute was briefed and argued.[1] Both motions have been fully briefed.

---

[1] The reopening of the case, which the Court views as a ministerial act, is not relevant to this dispute or the Court's ruling.

II.    DISCUSSION

A.    Sections 327 and 330.

In chapter 11 cases, the debtor in possession[2] may employ "one or more attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title." § 327(a).[3] Under § 330, the Court "may award" an attorney employed under § 327 "reasonable compensation for actual, necessary services rendered by the . . . attorney . . . ." § 330(a)(1).

B.    Section 329.

Section 329 imposes disclosure obligations on debtor's counsel in bankruptcy cases, and grants bankruptcy courts the power to review the reasonableness of fees charged to the debtor. It provides in part:

> **329. Debtor's transactions with attorneys**
>
> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
>
> (b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive . . . .

C.    Bankruptcy Rules 2016 and 2017.

Two rules of bankruptcy procedure were adopted to implement §§ 327, 329, and 330.[4]  Fed. R. Bankr. P. 2016 provides in part:

> **(a) Application for compensation or reimbursement**

---

[2] A chapter 11 debtor in possession has the rights of a "trustee" under § 327(a). *See* 11 U.S.C. § 1107.
[3] All statutory references are to 11 U.S.C.
[4] A third rule, Fed. R. Bankr. P. 2014, also implements § 327, but is not relevant to the dispute addressed here.

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised . . . [T]he applicant shall transmit to the United States trustee a copy of the application.
>
> **(b) Disclosure of compensation paid or promised to attorney for debtor.**
> Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. . . .

Fed. R. Bankr. P. 2017 provides:

> **(a) Payment or transfer to attorney before order for relief**
> On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.
>
> **(b) Payment or transfer to attorney after order for relief**
> On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

    D.    <u>Case Law Interpreting the Code Sections and Rules</u>.

Courts have held that the Code imposes on bankruptcy courts a duty to review professional fees charged to the estate, to ensure their reasonableness. In *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 843 (3d Cir. 1994), for example, the Third Circuit held:

> Consequently, the task of reviewing fee applications falls by default onto the bankruptcy courts.
>
> We are keenly aware that many bankruptcy courts have bemoaned their duty to

-4-
Case 16-10312-t11    Doc 220    Filed 10/19/17    Entered 10/19/17 11:26:31 Page 4 of 9

review fee applications as a thankless, onerous burden, one which consumes a significant share of a bankruptcy judge's time, *see* Gordon Bermant, Patricia A. Lombard & Elizabeth C. Wiggins, *A Day in the Life: The Federal Judicial Center's 1988-89 Bankruptcy Court Time Study,* 65 AM. BANKR. L.J. 491, 513-14 (1991). But in holding that bankruptcy courts have an independent duty to review fee applications even absent objections, we find support in legions of cases decided by bankruptcy and district courts spanning nearly two-thirds of all federal districts as well as in the writings of several renowned commentators. We find additional support in the legislative history to the 1978 amendments to the Code and in a number of court of appeals' decisions (including one from this Court) cogently resolving related points. Disagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors.

19 F.3d at 843-88 (footnotes omitted). The court cited roughly 60 cases in support of its holding.

In *In re Fricker*, 131 B.R. 932 (Bankr. E. D. Pa. 1991), the bankruptcy court, dealing with a fee dispute in a dismissed chapter 13 case, held:

> This court's duty of oversight of fee matters embraces a broad supervisory power over any fees charged in contemplation of, or in connection with, a bankruptcy case by both attorneys and lay persons, as provided in the Bankruptcy Code and Rules. *See In re Fleet,* 95 B.R. 319, 338 (E.D. Pa. 1989). It is inconceivable to us that an attorney could avoid subjection to this power of oversight by simply dismissing a case which, in a Chapter 13 case, is a matter of right. 11 U.S.C. § 1307(b).
>
> We therefore do not doubt our power to consider the propriety of Counsel's retention of, and possible right to collect, additional fees from the Debtors. We view this matter, as any matter involving an award of fee to professionals, as intrinsically involved with administration of a debtor's estate, and therefore a core proceeding under 28 U.S.C. § 157(b)(2)(A), which this bankruptcy court must determine. 28 U.S.C. § 157(b)(1).

131 B.R. 938. *See also In re Quaker Distribs., Inc.,* 189 B.R. 63 (Bankr. E.D. Pa. 1995) (bankruptcy court charged to oversee debtor's transactions with professionals, *sua sponte*, in every case).

One effect of the requirement of bankruptcy court fee oversight is that, unless fees have been allowed by the court, they are not an enforceable obligation of the debtor, before or after dismissal. In *In re 5900 Associates, Inc.,* 468 F.3d 326 (6th Cir. 2006), for example, the court held:

> The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case, and 11 U.S.C. § 330 is the sole mechanism by which fees may be enforced. Dismissal of a case, or a private agreement between the debtor and its attorney, cannot abrogate the bankruptcy court's statutorily imposed duty of review. . . . As an attorney appointed under 11 U.S.C. § 327, Halbert was required to seek approval of his fees from the court under 11 U.S.C. § 330. Because he did not do so, his fees are unenforceable . . . .

468 F.3d at 330-31. Similarly, the Seventh Circuit recently held that bankruptcy court approval of fees is an important step in making a fee claim enforceable outside of bankruptcy:

> The bankruptcy judge refused to issue such an order not because he thought Wolf's claim to the rest of the fee without merit, but because he thought that having dismissed the bankruptcy he had no authority to issue any further order relating to it. There was no longer a debtor in possession, no longer a debtor's estate in bankruptcy, no longer any assets under the control of the bankruptcy court, and therefore, he decided, no possible relief that he could grant Wolf. That was incorrect. . . . [T]he judge could determine that Wolf had a valid claim to a fee in the amount he was seeking. Such a ruling would create a debt of Sweports to Wolf, and if Sweports refused (as Wolf expects it would) to pay, he could, like any other creditor, sue Sweports in state court. . . . An order that Wolf could take into state court as a basis for obtaining damages from Sweports would be meaningful relief.

*In re Sweports, Ltd.*, 777 F.3d 364, 366-67 (7th Cir. 2015). *See also Jensen v. Gantz (In re Gantz)*, 209 B.R. 999 (10th Cir. BAP 1997) (counsel may only collect fees from the debtor that have been allowed).

It should be noted that § 329 applies in cases where debtor's counsel is also subject to §§ 327 and 330. *See, e.g., In re Ivens Properties, Inc.*, 2014 WL 2761143, at *1 (Bankr. E.D. Tenn.) (citing § 329 in a chapter 11 case); *In re Troutman Enterprises, Inc.,* 356 B.R. 786 (table), 2007 WL 205640, at *8 (6th Cir. BAP 2007) (applying § 329 and Fed. R. Bankr. P. 2017 to a chapter 11 case).

### E. Jurisdiction After Dismissal

The Court's obligation to review the reasonableness of attorney fees charged to the debtor continues after case dismissal. In *Quaker Distributors*, for example, the court held:

> We believe that it is more significant to the matter at issue to observe that it involves a debtor's transactions with its professionals, which this bankruptcy court is charged to oversee *sua sponte* in every case. *See* 11 U.S.C. § 329; and *In re Busy Beaver Building Centers, Inc.,* 19 F.3d 833, 840–45 (3d Cir. 1994). The oversight of the bankruptcy court should and hence must not end upon the mere dismissal of a case, lest overreaching counsel could frustrate the requisite court review by the simple medium of encouraging the debtor to seek dismissal. *See In re Fricker,* 131 B.R. 932, 938 (Bankr. E.D. Pa. 1991). In any event, there is no reason to conclude that dismissal of a case could or should eliminate bankruptcy court review of a debtor's transactions with its professionals.

189 B.R. at 68. Similarly, the Sixth Circuit held in *5900 Associates*:

> We find the case for retained jurisdiction over fees to be clear. Unlike the post-discharge matter described in *Smith*, a bankruptcy court's decision on attorney's fees is not a "related proceeding[]." *Smith*, 866 F.2d at 578. It is part of the original proceeding. The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case, and 11 U.S.C. § 330 is the sole mechanism by which fees may be enforced. Dismissal of a case . . . cannot abrogate the bankruptcy court's statutorily imposed duty of review.

468 F.3d at 330-31.

In *Sweports*, the Seventh Circuit opined:

> There is no novelty to the idea that a court has besides its ordinary jurisdiction a "clean-up" jurisdiction ("ancillary" jurisdiction, it is commonly called) to take care of minor loose ends. It is implicit in two of the statutory provisions we cited earlier, 11 U.S.C. § 330(a)(1) and 28 U.S.C. § 1334(b). Most though not all cases recognize that bankruptcy courts have such authority.

777 F.3d at 364, 367. *See also In Re Salazar,* 2016 WL 7377043, at *3 (Bankr. D.N.M.) ("the law is clear that, even though a case has been dismissed, the Court has 'cleanup' or ancillary jurisdiction to rule on counsel's fee application"); *In re Hirsch*, 550 B.R. 126, 131 (Bankr. W.D. Mich. 2016) (citing *5900 Assocs.*); *In re Doherty*, 229 B.R. 461, 464 (Bankr. E.D. Wash. 1999) (court has jurisdiction, after dismissal, to hear and determine administrative expense issues);

*In re Fricker,* 131 B.R. 932, 937-38 (Bankr. E.D. Pa. 1991) (court has jurisdiction to determine the propriety of compensation received by debtor's counsel, despite case dismissal); and *Johnson v. Smith (In re Johnson),* 575 F.3d 1079, 1081-83 (10th Cir. 2009) (bankruptcy courts retain jurisdiction over core matters after case dismissal).

  F. <u>Applying the law to this case</u>.

  Code §§ 327, 329(b), and 330; Fed. Rules Bankr. P. 2016 and 2017; and the abundant case law cited above all make clear that the Court has the ability, if not an obligation, to review professional fees charged to Debtor's estate in a dismissed case. This is especially true where, as here, the professional is Debtor's bankruptcy attorney and was paid a lot of estate money before the case was dismissed. Finally, additional support is given by Counsel's employment order, which required Counsel to file interim and final fee applications (not done), and stated that any interim payments were subject to Court approval of the fees. Given the facts of the case and the law, there is no question that Counsel must submit a fee application and obtain final approval of all fees and expenses charged to Debtor.

  Furthermore, there is no question that, after dismissal, the Court retains jurisdiction to review the reasonableness of all fees charged to the Debtor. While dismissal of a case obviously curtails a bankruptcy court's jurisdiction, "clean up" jurisdiction remains to hear attorney fee applications and disputes, especially for fees charged by debtor's counsel and paid from estate funds.

  Thus, the UST's request that Counsel be required to file a fee application is well taken and will be granted. Counsel's argument that the Court lacks jurisdiction to review the fees it charged Debtor is hereby overruled.

III.    <u>CONCLUSION</u>

The Court has the right, and perhaps a duty, to review Counsel's fees charged to Debtor in this case. The Court has jurisdiction to conduct the review and enter a final order allowing the fees in full or in part. The Court will enter a separate order requiring Counsel to file a first and final fee application, using the normal format required in this jurisdiction. Counsel's argument that the Court lacks jurisdiction to review the fees is hereby overruled.

/s/ David T. Thuma
_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: October 19, 2017

Copies to:

Jennie Behles
P.O. Box 7070
Albuquerque, NM 87194

Nancy S. Cusack
P.O. Box 2068
Santa Fe, NM 87504

Leonard Martinez-Metzgar
P.O. Box 608
Albuquerque, NM 87103